**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MEDICIS PHARMACEUTICAL CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>NYCOMED US INC. and NYCOMED GMBH,<br><br>Defendants. | Civ. Action No. 10 CV 4140 |

**NYCOMED US INC.'S ANSWER, SEPARATE DEFENSES AND COUNTERCLAIMS**

Defendant and Counterclaim Plaintiff Nycomed US Inc. ("Nycomed US"), by its attorneys Kramer Levin Naftalis & Frankel LLP, replies to the Complaint ("Complaint") of Medicis Pharmaceutical Corporation ("Medicis"), and sets forth Counterclaims as follows:

1. Nycomed US is without knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 1 of the Complaint, and therefore denies the same.

2. Admitted.

3. The allegations in this paragraph concern Nycomed GmbH and are not directed toward Nycomed US, and therefore do not require a response.

4. Nycomed US denies the allegations contained in Paragraph 4 of the Complaint.

5. Nycomed US is unable to determine what Medicis means by the term "conducts operations", and therefore denies the allegations contained in Paragraph 5 of the Complaint. As to the allegations in this paragraph that concern Nycomed GmbH, these allegations are not directed toward Nycomed US, and therefore do not require a response.



KL3 2779060.4

6. Paragraph 6 of the Complaint contains legal conclusions to which no answer is required. To the extent an answer is required, Nycomed US denies the allegations contained in Paragraph 6 of the Complaint.

7. For its response to Paragraph 7 of the Complaint, Nycomed US admits that Medicis contends that it has brought a patent infringement action against Nycomed under the patent laws of the United States, 35 U.S.C. § 1 et seq., and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2002, but Nycomed US denies that Medicis had a legal or equitable basis to do so and otherwise denies the allegations in this paragraph. Nycomed US expressly denies any infringement and that Medicis is entitled to any relief.

8. Paragraph 8 of the Complaint contains legal conclusions to which no answer is required. To the extent an answer is required, Nycomed US denies the allegations contained in Paragraph 8 of the Complaint.

9. Paragraph 9 of the Complaint contains legal conclusions to which no response is required. To the extent an answer is required, Nycomed US does not contest venue for purposes of this action only. Nycomed US denies the remaining allegations of this paragraph.

10. Nycomed US admits the allegations in Paragraph 10 that relate to it. As to the allegations in this paragraph that concern Nycomed GmbH, these allegations do not require a response. To the extent an answer is required, Nycomed US is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore Nycomed US denies the same.

11. Nycomed US denies the allegations contained in Paragraph 11 of the Complaint, except Nycomed admits that the title of United States Patent No. 6,765,001 (the "'001 patent") is "Compositions And Methods For Enhancing Corticosteroid Delivery," and that the patent on its

face names Medicis as the "assignee." Nycomed further admits that what appears to be a copy of the '001 patent is attached to the Complaint. Nycomed specifically denies that the United States Patent and Trademark Office ("USPTO") duly and legally issued the '001 patent and that the '001 patent is valid or enforceable. Nycomed denies the remaining allegations of this paragraph.

12. Nycomed US denies the allegations contained in Paragraph 12 of the Complaint, except Nycomed admits that the title of United States Patent No. 7,220,424 (the "'424 patent") is "Compositions And Methods For Enhancing Corticosteroid Delivery," and that the patent on its face names Medicis as the "assignee." Nycomed further admits that what appears to be a copy of the '424 patent is attached to the Complaint. Nycomed US specifically denies that the USPTO duly and legally issued the '424 patent and that the '424 patent is valid or enforceable. Nycomed denies the remaining allegations of this paragraph.

13. Nycomed US denies the allegations contained in Paragraph 13 of the Complaint, except Nycomed US admits that the title of United States Patent No. 7,217,422 (the "'422 patent") is "Compositions And Methods For Enhancing Corticosteroid Delivery," and that the patent on its face names Medicis as the "assignee." Nycomed specifically denies that the USPTO duly and legally issued the '422 patent and that the '422 patent is valid or enforceable. Nycomed denies the remaining allegations of this paragraph.

14. Nycomed US is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 14 of the Complaint. Nycomed US admits the allegations contained in the second sentence of Paragraph 14 of the Complaint.

15. Nycomed US is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of the Complaint, and therefore denies the same.

16. Nycomed US denies the allegations contained in Paragraph 16 of the Complaint, except admits that Nycomed US submitted Abbreviated New Drug Application No. 200735 pursuant to 21 U.S.C. § 355(j) to obtain approval to market is Fluocinonide Cream, 0.1% before the expiration dates of the '001 and '424 patents. Nycomed US further admits that pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV), Nycomed US also filed with the FDA a Paragraph IV Certification stating that, in its opinion, and to the best of its knowledge, all of the claims of the '001 and '424 patents will not be infringed by the manufacture, use sale, offer for sale, importation or offer to import the product. Nycomed denies the remaining allegations of this paragraph.

17. Nycomed US is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 of the Complaint, and therefore denies the same.

18. For its response to Paragraph 18 of the Complaint, Nycomed US incorporates by reference its response to Paragraphs 1-17 of the Complaint.

19. Nycomed US denies the allegations contained in Paragraph 19 of the Complaint.

20. Nycomed US denies the allegations contained in Paragraph 20 of the Complaint.

21. Nycomed US denies the allegations contained in Paragraph 21 of the Complaint.

22. Nycomed US denies the allegations contained in Paragraph 22 of the Complaint.

23. Nycomed US denies the allegations contained in Paragraph 23 of the Complaint.

24. For its response to Paragraph 24 of the Complaint, Nycomed incorporates by reference its response to Paragraphs 1-23 of the Complaint.

25. Nycomed US denies the allegations contained in Paragraph 25 of the Complaint.

26. Nycomed US denies the allegations contained in Paragraph 26 of the Complaint.

27. Nycomed US denies the allegations contained in Paragraph 27 of the Complaint.

28. Nycomed US denies the allegations contained in Paragraph 28 of the Complaint.

29. Nycomed US denies the allegations contained in Paragraph 29 of the Complaint.

30. For its response to Paragraph 30 of the Complaint, Nycomed US incorporates by reference its response to Paragraphs 1-29 of the Complaint.

31. Nycomed US denies the allegations contained in Paragraph 31 of the Complaint.

32. Nycomed US denies the allegations contained in Paragraph 32 of the Complaint.

33. Nycomed US denies the allegations contained in Paragraph 33 of the Complaint.

34. Nycomed US denies the allegations contained in Paragraph 34 of the Complaint.

35. Nycomed US denies the allegations contained in Paragraph 35 of the Complaint.

36. Nycomed US denies and objects to the allegations and requests under the heading, "PRAYER FOR RELIEF". Nycomed US denies that Medicis is entitled to any relief as set forth in the Complaint, or to any relief whatsoever, and further requests that the Complaint be dismissed with prejudice and that Nycomed US be awarded its attorneys fees, costs and expenses in defending against the Complaint under 35 U.S. C. § 285 or as otherwise provided by law. To the extent the allegations in this paragraph concern Nycomed GmbH, these allegations do not require a response.

37. Nycomed US further contends that the allegations in the Complaint concerning infringement of the patents are without basis and are further evidence that this is an exceptional case under 35 U.S.C. § 285 entitling Nycomed US to an award of its attorney fees, costs and expenses in this action. Nycomed US also seeks any further and additional relief as the Court deems just and proper concerning the assertion and the maintaining of the Complaint.

38. To the extent any headings set forth in the Complaint constitute allegations, they are denied by Nycomed US.

## SEPARATE DEFENSES

### First Defense

1. The claims of the patents in this suit are not infringed, either directly or indirectly by Nycomed US' fluocinonide cream, 0.1%, either literally or under the doctrine of equivalents.

### Second Defense

2. Medicis is barred by prosecution history estoppel from presenting an interpretation of the claims of the '001, '424 and '422 patents necessary to find infringement.

### Third Defense

3. Medicis is barred by proper claim construction and/or estoppel from presenting an interpretation of the claims of the '001, '424 and '422 patents necessary to find infringement.

### Fourth Defense

4. The claims of the '001, '424 and '422 patents are invalid for failure to satisfy one or more conditions for patentability set forth in 35 U.S. C. §§101 *et seq*.

### Fifth Defense

5. Medicis lacks an adequate basis and had not good faith basis for asserting infringement of the patents in the suit by Nycomed US' fluocinonide cream, 0.1% product when it filed this action.

### Sixth Defense

6. The '001, '424 and '422 patents are unenforceable for at least the independent reasons stated with particularity in Nycomed US' counterclaims, which allegations are incorporated by referenced herein. The '001, '424 and '422 patents are unenforceable due to

inequitable conduct before the USPTO for at least the reasons set forth with particularly in Nycomed US' counterclaims.

**Seventh Defense**

7. The Court lacks subject matter jurisdiction over Medicis' claims for patent infringement against Nycomed US.

**Eighth Defense**

8. Medicis' claims fail to state a claim upon which relief can be granted.

**Ninth Defense**

9. Medicis' claims should be dismissed for the reasons set forth in Nycomed US' Motion to Dismiss Pursuant to Rules 12(b)(1) and 12(b)(6).

**Tenth Defense**

10. Any additional defenses or counterclaims that discovery may reveal.

## COUNTERCLAIMS

**Parties**

1. On information and belief, and based upon its pleadings in this action, Medicis Pharmaceutical Corporation ("Medicis") is a corporation incorporated and existing under the laws of the State of Delaware, having a principal place of business at 7720 North Dobson Road, Scottsdale, Arizona 85256.

2. Nycomed US Inc. ("Nycomed US") is a company organized and existing under the laws of New York having its principal place of business at 60 Baylis Road, Melville, New York 11747.

3. On May 19, 2010, Medicis filed an action for patent infringement against Nycomed US in this District.

4. There is an actual, substantial, and continuing justiciable controversy between Nycomed US and Medicis regarding infringement, validity, enforceability and misuse of United States Patent No. 6,765,001 ("the '001 patent") and United States Patent No. 7,220,424 ("the '424 patent").[1]

5. These counterclaims (the "Counterclaims") arise under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq*.; the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202; and the Medicare Prescription Drug, Improvement, and Modernization Act of 2003, Pub. L. No. 108-173, 117 Stat. 2066 (2003) ("MMA") (21 U.S.C. § 355(j) and 35 U.S.C. § 271(e)(5)).

6. This Court has original jurisdiction over the subject matter of these claims pursuant to 28 U.S.C. §§ 1331, 1338(a), under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and under the MMA.

**Jurisdiction and Venue**

7. Venue for these counterclaims is proper in this district because Medicis has consented to venue in this Court by filing the instance action in this jurisdiction.

8. Personal jurisdiction over Medicis is proper in this District because of Medicis has availed itself of the rights and privileges of this forum by suing in this District and because, on information and belief, Medicis conducts substantial business in, and has regular systematic contact with, this District.

[1] Note that Nycomed US is filing concurrently herewith a motion to dismiss the claims relating to the '422 patent based upon lack of subject matter jurisdiction and failure to state a claim on which relief can be granted. In the event that Nycomed US' motion is denied, Nycomed US reserves its right to amend its answer to include counterclaims pertaining to the '422 patent.

**Statutory and Regulatory Framework**

9. The Federal Food, Drug, and Cosmetic Act ("FDCA"), 21 U.S.C. § 301 *et seq*., as amended by the Drug Price Competition and Patent Term Restoration Act of 1984, Pub. L. No. 98-417, 98 Stat. 1585 (1984) (the "Hatch-Waxman Act" or "Hatch-Waxman"), and as further amended by Title XI of the Medicare Prescription Drug, Improvement, and Modernization Act of 2003, Pub. L. No. 108-173, 117 Stat. 2066 (2003) ("MMA"), sets forth the rules that the U.S. Food and Drug Administration ("FDA") follows when considering whether to approve brand-name and generic drugs.

10. Under the FDCA, as amended by Hatch-Waxman and the MMA, in order to obtain FDA approval to sell a drug that has not been previously approved, a company generally must file a New Drug Application ("NDA"). *See* 21 U.S.C. § 355 (b)(1) and (b)(2). An NDA applicant must file with FDA the number and expiration date of any patent that claims "the drug" or a method of using "the drug" for which the applicant submitted the application and for which a claim for patent infringement could reasonable be asserted against the unauthorized party. *See* 21 U.S.C. §§ 355(b)(1), (c)(2); 21 C.F.R. §§ 314.53(b), (c)(2).

11. Upon approval of the NDA, the FDA publishes this information in its publication, *Approved Drug Products with Therapeutic Equivalence Evaluations*, commonly known as the "Orange Book." *See* 21 U.S.C. § 355(j)(7)(A)(iii).

12. Prior to 1984, a company that wished to make a generic version of an FDA-approved drug had to file an application containing new studies showing the already-approved drug's safety and effectiveness.

13. In 1984, Congress enacted the Hatch-Waxman Amendments to the FDCA. The Hatch-Waxman Act simplified the procedure for obtaining approval of generic drugs for the

purpose of decreasing the cost of pharmaceuticals through increased competition. Under Hatch-Waxman, a generic manufacturer submits what is called an Abbreviated New Drug Application ("ANDA").

14. To receive approval of its ANDA, an applicant must, *inter alia*, show that its generic drug is "bioequivalent" to the listed reference drug. *See* 21 U.S.C. § 355(j)(4)(F). An ANDA is "abbreviated" in that it substitutes bioequivalence data for the full studies of safety and efficacy found in an NDA.

15. When filing an ANDA seeking approval of a generic version of a drug listed in the Orange Book, the ANDA applicant must also "certify" that any patent listed in the Orange Book does not preclude FDA approval of a generic version of the drug. *See* 21 U.S.C. § 355(j)(2)(A)(vii); 21 C.F.R. § 314.94(a)(12).

16. An ANDA applicant seeking approval to market a generic drug before expiration of a listed patent must submit a "paragraph IV certification" stating that the listed patent is invalid and/or will not be infringed by the generic drug. *See* 21 U.S.C. § 355(j)(2)(A)(vii)(IV).

17. The ANDA applicant must then notify the patentee and/or the NDA-holder of the factual and legal bases for that certification. *See* 21 U.S.C. § 355(j)(2)(B).

18. If the patent holder brings suit within 45 days of receiving the notice required by 21 U.S.C. § 355(j)(2)(B), the FDA cannot approve the ANDA for 30 months unless the district court enters an order shortening that period. *See* 21 U.S.C. § 355(j)(5)(B)(iii). Thus patent holders have a significant financial incentive to file suit regardless of merit.

19. If the court hearing the infringement action decides the patent is valid, enforceable, and would be infringed by the product proposed in the ANDA, the FDA will not

approve the ANDA until the patent expires. *See* 21 U.S.C. § 355(j)(5)(B)(iii); 35 U.S.C. § 271(e). If, however, the court hearing the infringement action rules before the 30-month period that the patent is invalid, unenforceable, or not infringed, the FDA may approve the ANDA. *See* 21 U.S.C. § 355(j)(5)(B)(iii).

**<u>VANOS® And The ‘001 And ‘424 Patents</u>**

20. On or about July 20, 2004, according to the electronic records of the U.S. Patent and Trademark Office (“USPTO”), the ‘001 patent entitled “Compositions and Methods for Enhancing Corticosteroid Delivery,” issued, on its face, to inventors Eugene H. Gans and Mitchell S. Wortzman, and was assigned, on its face, to Medicis.

21. On or about May 22, 2007, according to the electronic records of the USPTO, the ‘424 patent, entitled “Compositions and Methods for Enhancing Corticosteroid Delivery,” issued, on its face, to inventors Eugene H. Gans and Mitchell S. Wortzman, and was assigned, on its face, to Medicis.

22. On information and belief, Medicis holds approved NDA No. 21-758 for VANOS® (fluocinonide cream 0.1%).

23. On information and believe, Medicis submitted information on the’001 and ‘424 Patents to FDA for listing in the Orange Book. The FDA listed the ‘001 and ‘424 patents in the Orange Book in connection with the approved NDA for VANOS®.

**<u>Nycomed US’ ANDA</u>**

24. Nycomed US filed an ANDA with the FDA seeking approval for Fluocinonide cream 0.1%.

25. Nycomed US’ ANDA references Medicis’ NDA No. 21-758.

26. Because Nycomed US' ADNA seeks FDA approval to market its generic fluocinonide cream 0.1% before expiration of the Orange Book-listed '001 Patent, Nycomed US' ANDA includes a paragraph IV certification to the '001 Patent.

27. Because Nycomed US' ANDA seeks FDA approval to market its generic fluocinonide cream 0.1% before expiration of the Orange Book-listed '424 Patent, Nycomed US' ANDA includes a paragraph IV certification to the '424 Patent.

28. In accordance with 21 U.S.C. § 355(j)(2)(B), on or about April 7, 2010, Nycomed US provided Medicis with notice that it submitted its ANDA and a paragraph IV certification to the '001 and '424 patents. This notice included a detailed statement setting forth factual and legal bases as to why the '001 and '424 patents will not be infringed by the manufacture, use, offer for sale, sale, or importation of the fluocinonide cream 0.1% product described in Nycomed US' ANDA, and *inter alia*, expressly reserved the right to raise additional defenses in the event that Medicis filed suit on that patent. In its letter Nycomed US included an offer to provide Medicis with confidential access to Nycomed US' ANDA.

29. The fluocinonide cream 0.1% product described in Nycomed US' ANDA does not infringe any claim of the '001 Patent.

30. The fluocinonide cream 0.1% product described in Nycomed US' ANDA does not infringe any claim of the '424 Patent.

31. Upon receipt of Nycomed US' notice of paragraph IV certification to the '001 and '424 patents, Medicis sued Nycomed US for infringement of the '001, '424 and '422 patents in this District.

**Medicis' Inequitable Conduct Before The USPTO**

32. Prosecuting a patent application is an *ex parte* process, and therefore, the law imposes a duty of good faith, candor, and disclosure on everyone associated with prosecuting the application. *See* 37 C.F.R. § 1.56; *Manual of Patent Examining Procedure* § 2000 *et seq*.

33. The '001 and '424 patents are void, unenforceable and of no legal effect by reason of inequitable conduct on the part of Medicis and/or the investors and/or others involved in the prosecution of the application(s) on which the '001 and '424 patents issued (collectively, "Applicants") and failure to fulfill their duties on candor under 37 C.F.R. § 1.56. Applicants committed acts of inequitable conduct by failing to disclose information materials to the examination of their application(s) and/or by submitting false or misleading information material to the examination of the application(s). Such acts were coupled with an intent to deceive the USPTO.

34. Title 37 of the Code of Federal Regulations § 1.56 and the Manual for Patent Examining Procedure § 2000.01 et seq. impose a duty of candor and good faith on each individual associated with the filing and prosecution of a patent application before the USPTO, which requires him or her to disclose to the USPTO all information that is material to the patentability of the application under examination. Breach of this duty of candor, good faith and honesty with an intent to deceive the UPSTO constitutes inequitable conduct so as to render the affected patents unenforceable.

35. The '001 Patent issued from U.S. Patent Application No. 10/037,360 ("the '360 Application"), filed on December 21, 2001.

36. The '424 patent issued from U.S. Patent Application No. 10/407,380 ("the '380 Application"), filed on April 4, 2003. The '380 Application was filed as a divisional application of, and claims priority to, the '360 Application.

37. During the prosecution of the '360 Application, the patent examiner relied on U.S. Patent No. 3,934,013 to Poulsen ("Poulsen"), which issued on January 20, 1976, when rejecting the proposed claims of the '360 Application.

38. In responding to the patent examiner's rejection, Applicants (including the person that signed the papers that made the representation and those that were aware of the representation) intentionally misrepresented the content of the Poulsen reference in attempting to overcome a rejection under 35 U.S.C. § 102, stating that "Poulsen does not teach the ration of at least 0.90, which is an element of Applicant's claims." Applicants made this representation knowing it to be false. Applicants made this highly material misrepresentation with an intent to deceive the patent examiner.

39. In addition, in response to an obviousness rejection under 35 U.S.C. § 103(a) during the prosecution of the '360 Application, Applicants (including the person that signed the papers that made the representation and those that were aware of the representation) represented that Poulsen does not disclose a second penetration enhancer, specifically stating that "Poulsen . . . does not teach the employment of a second penetration enhancer." Applicants made this representation knowing it to be false. Applicants made this highly material misrepresentation with an intent to deceive the patent examiner.

40. "[I]nequitable conduct includes affirmative misrepresentation of a material fact . . . coupled with an intent to deceive." eSpeed, Inc. v. BrokerTec USA, L.L.C., 480 F.3d 1129, 1135 (Fed. Cir. 2007) (citation and internal quotation marks omitted).

41. Because of the relationship between the '380 Application and the '360 Application, the '424 Patent is tainted by Applicants' material misrepresentations, which were made with an intent to deceive during prosecution of the '360 Patent. Indeed, regardless of the relationship between the'360 and '380 applications, Applicant repeated the highly material misrepresentations described herein during the prosecution of the '380 Application and they did so with an intent to deceive

42. As a result, on information and belief, the '001 and '424 patents are unenforceable due to inequitable conduct by the Applicants before the USPTO.

**Medicis' Patent Misuse**

43. By bringing this lawsuit within 45 days of Nycomed US' paragraph IV certification to the '001 patent , Medicis has triggered a 30-month stay before Nycomed US' ANDA can be approved by the FDA, thereby delaying the sale of the fluocinonide cream 0.1% product described in Nycomed US' ANDA.

44. Medicis is attempting to enforce the '001 and '424 patents in bad faith and for the improper purpose of keeping Nycomed US' ANDA product out of the marketplace for at least 30 months.

45. Medicis' actions in bringing the present lawsuit have resulted in a 30-month stay of the approval of Nycomed US' ANDA, which has impermissibly granted Medicis a broadened scope of the patent grant of the '001 patent.

46. Medicis has no realistic expectation of success on the merits in bringing the present lawsuit, as at least the '001 and '424 patents are invalid and/or unenforceable.

47. Medicis did not conduct a reasonable investigation into the alleged infringement of the '001 or '424 patents by Nycomed US' ANDA product in view of Nycomed US' notice letter regarding the '001 and '424 patents.

48. On information and belief, Medicis received Nycomed US' notice letter regarding the '001 and '424 patents on or about April 8, 2010, prior to filing the instant action in May 19, 2010.

49. Among other things, Nycomed US' notice letter regarding the '001 and '424 patents detailed why the fluocinonide cream 0.1% product described in Nycomed US' ANDA does not infringe any claim of the '001 and '424 patents.

50. Before it filed the instant action, Medicis knew Nycomed US' formulation of fluocinonide cream did not infringe the '001 or '424 patents because Nycomed US' formulation contains only one of the penetration enhancers listed in the claims of the '001 or '424 patents. The Nycomed US formulation does not contain the second penetration enhancer, a claim element recited by all of the claims of both the '001 and '424 patents. In accordance with the "all elements rule," Nycomed US' formulation of the cream does not infringe the claims of the '001 or '424 patents, either literally or under the doctrine of equivalents.

51. Medicis' actions effectively have prevented the FDA from timely approving Nycomed US' ANDA and therefore have excluded Nycomed US from the drug market.

52. Because Nycomed US cannot market its generic drug without FDA approval, any delay, in particular the now imposed 30-month delay, creates lost profits for Nycomed US.

## COUNTERCLAIM I
## Declaration of Non-Infringement of the '001 Patent

53. Nycomed US rellages and incorporates by reference the allegations of Paragraphs 1-52 of the Counterclaims.

54. At present, genuine, and justiciable controversy exists between Nycomed US and Medicis regarding, *inter alia*, the issues of whether the manufacture, use, offer for sale, or sale of the fluocinonide cream 0.1% product described in Nycomed US' ANDA would infringe the claims of the '001 patent.

55. The manufacture, use offer for sale, or sale of the fluocinonide ream 0.1% product described in Nycomed US' ANDA would not infringe the claims of the '001 patent.

56. Nycomed US is entitled to a declaration that the manufacture, use, offer for sale, or sale of the fluocinonide cream 0.1% product described in its ANDA would not infringe the claims of the '001 patent.

## COUNTERCLAIM II
## <u>Declaration of Invalidity of the '001 Patent</u>

57. Nycomed US realleges and incorporates by reference the allegations of Paragraphs 1-56 of the Counterclaims.

58. At present, genuine, and justiciable controversy exists between Medicis and Nycomed US regarding the invalidity of the '001 patent.

59. The '001 patent is invalid for failure to satisfy one or more of the conditions for patentability in Title 35 of the United States Code.

60. Nycomed US is entitled to a declaration that the '001 patent is invalid for failure to satisfy one or more of the conditions for patentability in Title 35 of the United States Code.

## COUNTERCLAIM III
## <u>Declaration of Non-Infringement of the '424 Patent</u>

61. Nycomed US realleges and incorporates by reference the allegations of Paragraphs 1-60 of the Counterclaims.

62. At present, genuine, and justiciable controversy exists between Nycomed US and Medicis regarding the issues of whether the manufacture, use, offer for sale, or sale of the fluocinonide cream 0.1% product described in Nycomed US' ANDA would infringe the claims of the '424 patent.

63. The manufacture, use offer for sale, or sale of the fluocinonide ream 0.1% product described in Nycomed US' ANDA would not infringe the claims of the '424 patent.

64. Nycomed US is entitled to a declaration that the manufacture, use, offer for sale, or sale of the fluocinonide cream 0.1% product described in its ANDA would not infringe the claims of the '424 patent.

**COUNTERCLAIM IV**
**Declaration of Invalidity of the '424 Patent**

65. Nycomed US realleges and incorporates by reference the allegations of Paragraphs 1-64 of the Counterclaims.

66. At present, genuine, and justiciable controversy exists between Medicis and Nycomed US regarding the invalidity of the '424 patent.

67. The '424 patent is invalid for failure to satisfy one or more of the conditions for patentability in Title 35 of the United States Code.

68. Nycomed US is entitled to a declaration that the '424 patent is invalid for failure to satisfy one or more of the conditions for patentability in Title 35 of the United States Code.

**COUNTERCLAIM V**
**Declaratory Judgment of Unenforceability of '001 (Patent Misuse)**

69. Nycomed US realleges and incorporates by reference the allegations of Paragraphs 1-68 of the Counterclaims.

70. Medicis' acts of misuse include bringing this lawsuit in bad faith with the knowledge that the '001 patent is invalid in order to stay Nycomed US' entry into the fluocinonide cream market.

71. By its acts of misuse, Medicis has used the '001 patent to restrain competitors of fluocinonide cream 0.1% for an additional 30 months, even thought the'001 patent is invalid.

72. By its acts of misuse, Medicis has impermissibly broadened the scope of the '001 patent with anticompetitive effect.

73. Medicis' acts of misuse were done in bad faith and with the knowledge that the '001 patent is invalid.

74. The '001 patent is unenforceable as a result of Medicis' patent misuse.

75. Nycomed US is entitled to a declaration that the '001 patent is unenforceable as a result of Medicis' patent misuse.

## COUNTERCLAIM VI
## Declaratory Judgment of Unenforceability of '424 (Patent Misuse)

76. Nycomed US realleges and incorporates by reference the allegations of Paragraphs 1-75 of the Counterclaims.

77. Medicis' acts of misuse include bringing this lawsuit in bad faith with the knowledge that the '424 patent is invalid in order to stay Nycomed US' entry into the fluocinonide cream market.

78. By its acts of misuse, Medicis has used the '424 patent to restrain competitors of fluocinonide cream 0.1% for an additional 30 months, even thought the '424 patent is invalid.

79. By its acts of misuse, Medicis has impermissibly broadened the scope of the '424 patent with anticompetitive effect.

80. Medicis' acts of misuse were done in bad faith and with the knowledge that the '424 patent is invalid.

81. The '424 patent is unenforceable as a result of Medicis' patent misuse.

82. Nycomed US is entitled to a declaration that the '424 patent is unenforceable as a result of Medicis' patent misuse.

**COUNTERCLAIM VII**
**Declaratory Judgment of Unenforceability of '001 Patent**
**(Inequitable Conduct before the USPTO)**

83. Nycomed US realleges and incorporates by reference the allegations of paragraphs 1-82 of its Counterclaims.

84. The '001 patent is void, unenforceable and of no legal effect by reason of inequitable conduct of Applicants and failure to fulfill their duties of candor under 37 C.F.R. § 1.56.

85. Applicants made material misrepresentations during the prosecution of the '360 Application with the intent to deceive the patent examiner.

86. The intentional withholding of information known to be material or making material misrepresentations with an intent to deceive the patent examiner constitutes inequitable conduct and renders the '001 patent unenforceable.

87. Nycomed US is entitled to a declaration that the '001 patent is unenforceable.

**COUNTERCLAIM VIII**
**Declaratory Judgment of Unenforceability of '424 Patent**
**(Inequitable Conduct before the USPTO)**

88. Nycomed US realleges and incorporates by reference the allegations of paragraphs 1-88 of its Counterclaims.

89. The ‘424 patent is void, unenforceable and of no legal effect by reason of inequitable conduct of Applicants and failure to fulfill their duties of candor under 37 C.F.R. § 1.56.

90. Applicants made material misrepresentations during the prosecution of the ‘360 and ‘380 Applications with the intent to deceive the patent examiner.

91. The intentional withholding of information known to be material or making material misrepresentations with an intent to deceive the patent examiner constitutes inequitable conduct and renders the ‘424 patent unenforceable.

92. Nycomed US is entitled to a declaration that the ‘424 patent is unenforceable.

## REQUEST FOR RELIEF

WHEREFORE, Nycomed US requests that this Court enter a Judgment and Order in its favor and against Medicis as follows:

(a) declaring that the manufacture, sale, offer for sale, use or importation of the fluocinonide cream 0.1% products described in Nycomed US’ ANDA does not and will not infringe (either literally or under the doctrine of equivalents), directly or indirectly (either by inducement or contributorily), any valid or enforceable claim of the ‘001 patent;

(b) declaring that the manufacture, sale, offer for sale, use or importation of the fluocinonide cream 0.1% products described in Nycomed US’ ANDA does not and will not infringe (either literally or under the doctrine of equivalents), directly or indirectly (either by inducement or contributorily), any valid or enforceable claim of the ‘424 patent;

(c) declaring that the ‘001 patent is invalid;

(d) declaring that the ‘001 patent is unenforceable due to patent misuse;

(e) declaring that the ‘001 patent is unenforceable due to inequitable conduct before the USPTO;

(f) declaring the ‘424 patent is invalid;

(g) declaring that the ‘424 patent is unenforceable due to patent misuse;

(h) declaring that the ‘424 patent is unenforceable due to inequitable conduct before the USPTO;

(i) ordering that Medicis’ complaint be dismissed with prejudice and judgment entered in favor of Nycomed US;

(j) declaring that this is an exceptional case under 35 U.S.C. § 285 and awarding Nycomed US’ attorney fees, costs, and expenses in this action;

(k) preliminarily and permanently enjoining Medicis from its wrongful conduct, including patent misuse, and entering judgment in favor of Nycomed US and against Medicis in an amount to be determined at trial, plus trebling damages, interest, costs and attorneys’ fees;

(l) awarding Nycomed US any further and additional relief as the Court deems just and proper.

Dated: August 3, 2010

Respectfully submitted,

By: /s/ Donald L. Rhoads
Donald L. Rhoads, Esq.

Donald L. Rhoads, Esq.
Christopher A. Colvin, Esq.
Albert B. Chen, Esq.
Marcus A. Colucci, Esq.
Geoffrey G. Hu, Esq
KRAMER LEVIN NAFTALIS & FRANKEL LLP
1177 Avenue of the Americas
New York, New York 10036
(212) 715-9100

*Attorneys for Defendant Nycomed US Inc.*