**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MEDICIS PHARMACEUTICAL CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>NYCOMED US INC. and NYCOMED GMBH<br><br>Defendants. | Civil. Action No. 10-CV-4140-LAK |

**NYCOMED US INC.'S AMENDED ANSWER,**
**AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS**

Defendant Nycomed US Inc. ("Nycomed US") through its undersigned counsel, responds to the allegations in the Complaint of Plaintiff Medicis Pharmaceutical Corporation ("Medicis") as follows:

**PARTIES**

1. Nycomed US is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 1 of the Complaint, which are therefore denied.

2. Nycomed US admits the allegations of paragraph 2 of the Complaint.

3. The allegations in this paragraph concern Nycomed GmbH and are not directed toward Nycomed US, and therefore do not require a response from Nycomed US.

4. Denied.

5. Nycomed US is unable to determine what Medicis means by the term "conducts operations," and therefore denies the allegations contained in Paragraph 5 of the Complaint. As

to the allegations in this paragraph that concern Nycomed GmbH, these allegations are not directed toward Nycomed US, and therefore do not require a response from Nycomed US.

6. Denied.

**JURISDICTION AND VENUE**

7. For its response to Paragraph 7 of the Complaint, Nycomed US admits that Medicis contends that it has brought a patent infringement action against Nycomed US under the patent laws of the United States, 35 U.S.C. § 1 *et seq*., and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2002, but Nycomed US denies that Medicis had a legal or equitable basis to do so and otherwise denies the allegations in this paragraph. Nycomed US expressly denies any infringement and that Medicis is entitled to any relief.

8. Paragraph 8 of the Complaint contains legal conclusions to which no answer is required.

9. Paragraph 9 of the Complaint contains legal conclusions to which no answer is required. To the extent an answer is required, Nycomed US does not contest venue for purposes of this action only. Nycomed US denies the remaining allegations of this paragraph.

10. Paragraph 10 of the Complaint contains legal conclusions to which no answer is required. To the extent an answer is required, Nycomed US does not contest personal jurisdiction for purposes of this action only. As to the allegations in this paragraph that concern Nycomed GmbH, these allegations do not require a response from Nycomed US.

**BACKGROUND**

11. Nycomed US admits that U.S. Patent No. 6,765,001 (the '001 patent") is entitled "Compositions And Methods For Enhancing Corticosteroid Delivery," and that on the face of the patent the date of issuance is listed as July 20, 2004, and "Medicis Pharmaceutical Corporation"

is named as the Assignee. Nycomed US also admits that Exhibit A purports to be a copy of the '001 patent. Nycomed US denies that the '001 patent was duly or legally issued. Nycomed US is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 11, which are therefore denied.

12. Nycomed US admits that U.S. Patent No. 7,220,424 (the '424 patent") is entitled "Compositions And Methods For Enhancing Corticosteroid Delivery," and that on the face of the patent the date of issuance is listed as May 22, 2007, and "Medicis Pharmaceutical Corporation" is named as the Assignee. Nycomed US also admits that Exhibit B purports to be a copy of the '424 patent. Nycomed US denies that the '424 patent was duly or legally issued. Nycomed US is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 12, which are therefore denied.

13. Nycomed US admits that U.S. Patent No. 7,217,422 (the '422 patent") is entitled "Compositions And Methods For Enhancing Corticosteroid Delivery," and that on the face of the patent the date of issuance is listed as May 15, 2007, and "Medicis Pharmaceutical Corporation" is named as the Assignee. Nycomed US also admits that Exhibit C purports to be a copy of the '422 patent. Nycomed US denies that the '422 patent was duly or legally issued. Nycomed US is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 13, which are therefore denied.

14. Nycomed US is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 14 of the Complaint. Nycomed US admits the allegations contained in the second sentence of Paragraph 14 of the Complaint.

15. Nycomed US is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 15 of the Complaint, which are therefore denied.

16. Nycomed US admits that it submitted Abbreviated New Drug Application No. 200735 pursuant to 21 U.S.C. § 355(j) to obtain approval to market its Fluocinonide Cream, 0.1% before the expiration dates of the ’001 and ’424 patents. Nycomed US further admits that pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV), Nycomed US also filed with the FDA a Paragraph IV Certification stating that, in its opinion, and to the best of its knowledge, all of the claims of the ’001 and ’424 patents will not be infringed by the manufacture, use, sale, offer for sale, importation or offer to import the product. Nycomed US denies the remaining allegations of this paragraph.

17. Nycomed US is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 of the Complaint, and therefore denies the same.

**COUNT I**
**INFRINGEMENT OF THE ‘001 PATENT**

18. Nycomed US hereby incorporates, as though fully set forth herein, its responses above to Paragraphs 1 through 17 of the Complaint, in answer to the allegations contained in Paragraph 18 of the Consolidated Complaint.

19. Paragraph 19 of the Complaint contains legal conclusions to which no answer is required. To the extent an answer is required, Nycomed US denies the allegations contained in Paragraph 19 of the Complaint.

20. Nycomed US admits that it intends to engage in the commercial manufacture, use, sale, or offer for sale within the United States or importation into the United States, of its fluocinonide cream, 0.1%, at an undetermined time after final approval of its ANDA. Nycomed US denies the remaining allegations of this paragraph.

21. Denied.

22. Denied.

23. Denied.

**COUNT II**
**INFRINGEMENT OF THE '424 PATENT**

24. Nycomed US hereby incorporates, as though fully set forth herein, its responses above to Paragraphs 1 through 23 of the Complaint, in answer to the allegations contained in Paragraph 24 of the Consolidated Complaint.

25. Paragraph 25 of the Complaint contains legal conclusions to which no answer is required. To the extent an answer is required, Nycomed US denies the allegations contained in Paragraph 25 of the Complaint.

26. Nycomed US admits that it intends to engage in the commercial manufacture, use, sale, or offer for sale within the United States or importation into the United States, of its fluocinonide cream, 0.1%, at an undetermined time after final approval of its ANDA. Nycomed US denies the remaining allegations of this paragraph.

27. Denied.

28. Denied.

29. Denied.

**COUNT III**
**INFRINGEMENT OF THE '422 PATENT**

30. Nycomed US hereby incorporates, as though fully set forth herein, its responses above to Paragraphs 1 through 29 of the Complaint, in answer to the allegations contained in Paragraph 30 of the Consolidated Complaint.

31. Paragraph 31 of the Complaint contains legal conclusions to which no answer is required. To the extent an answer is required, Nycomed US denies the allegations contained in Paragraph 31 of the Complaint.

32. Nycomed US admits that it intends to engage in the commercial manufacture, use, sale, or offer for sale within the United States or importation into the United States, of its fluocinonide cream, 0.1%, at an undetermined time after final approval of its ANDA. Nycomed US denies the remaining allegations of this paragraph.

33. Denied.

34. Denied.

35. Denied.

## PRAYER FOR RELIEF

36. Nycomed US denies that Medicis is entitled to any relief as set forth in the Complaint, or to any relief whatsoever. To the extent the allegations in this paragraph concern Nycomed GmbH, these allegations do not require a response from Nycomed US.

37. All allegations of the Complaint not expressly admitted are denied.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

1. The claims of the patents in this suit are not infringed, either directly or indirectly, by Nycomed US' fluocinonide cream, 0.1%, either literally or under the doctrine of equivalents.

### SECOND AFFIRMATIVE DEFENSE

2. Medicis is barred by prosecution history estoppel from asserting infringement of the patents in this suit.

**THIRD AFFIRMATIVE DEFENSE**

3. Medicis is barred by proper claim construction and/or estoppel from asserting infringement of the patents in this suit.

**FOURTH AFFIRMATIVE DEFENSE**

4. The claims of the patents in this suit are invalid and/or void for failure to comply with one or more requirements of Part II of Title 35 of the United States Code, including, without limitation, §§ 101, 102, 103, and 112.

**FIFTH AFFIRMATIVE DEFENSE**

5. The Court lacks subject matter jurisdiction over Medicis' claims for patent infringement against Nycomed US.

**SIXTH AFFIRMATIVE DEFENSE**

6. Medicis' claims fail to state a claim upon which relief can be granted.

**SEVENTH AFFIRMATIVE DEFENSE**

7. Medicis' claims should be dismissed for the reasons set forth in Nycomed US' Motion to Dismiss Pursuant to Rules 12(b)(1) and 12(b)(6).

**EIGHTH AFFIRMATIVE DEFENSE**

8. Medicis is not entitled to injunctive relief because any alleged injury to Medicis is not immediate or irreparable, and Medicis has an adequate remedy at law.

**NINTH AFFIRMATIVE DEFENSE**

9. Any additional defenses or counterclaims that discovery may reveal.

## NYCOMED US'S COUNTERCLAIMS

Counterclaimant Nycomed US Inc. ("Nycomed US") hereby brings its counterclaims against counterclaim-defendant Medicis Pharmaceutical Corporation ("Medicis") as follows:

## PARTIES

1. Counterclaimant Nycomed US is a company organized and existing under the laws of the State of New York, having a place of business at 60 Baylis Road, Melville, New York 11747.

2. On information and belief, and based upon its pleadings in this action, counterclaim-defendant Medicis is a corporation organized and existing under the laws of the State of Delaware having a place of business at 7720 North Dobson Road, Scottsdale, Arizona 85256.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this counterclaim pursuant to 28 U.S.C. §§ 1331, 1338, 2201 and 2202.

4. By filing its Complaint, Medicis has consented to the personal jurisdiction of this Court. In addition, personal jurisdiction over Medicis is proper in this district because Medicis has availed itself of the rights and privileges of this forum by suing in this district and because, on information and belief, Medicis conducts substantial business in, and has regular systematic contact with, this district.

5. Venue for this action is proper pursuant to 28 U.S.C. §§ 1391. In addition, venue for these counterclaims is proper in this district because Medicis has consented to venue in this Court by filing the instant action in this jurisdiction.

## FACTS

6. Upon information and belief, Medicis claims to be the owner of all rights, title, and interest in and to the ’001 and ’424 patents.

7. In its Complaint, Medicis has accused Nycomed US of infringing the ‘001 and ‘424 patents under 35 U.S.C. § 271(e)(2)(A) through Nycomed’s submission of Abbreviated New Drug Application No. 200735 to obtain approval to market its Fluocinonide Cream, 0.1%. Nycomed US denies that its Fluocinonide Cream, 0.1%, infringes the ‘001 and ‘424 patents and further believes that the ‘001 and ‘424 patents are invalid.

8. Because Medicis has accused Nycomed US of infringement under 35 U.S.C. § 271(e)(2)(A), an actual case and controversy exists between the parties concerning the infringement and validity of the ‘001 and ‘424 patents, and that controversy is ripe for adjudication by this Court.[1]

## FIRST COUNTERCLAIM

(Declaration of Non-Infringement of the ‘001 and ‘424 Patents)

9. Nycomed US repeats and realleges the allegations contained in paragraphs 1-8 of Nycomed US’s Counterclaims as if fully set forth herein.

10. Nycomed US did not infringe any valid claim of the ‘001 or ‘424 patents by submitting ANDA No. 200735.

11. The manufacture, use, offer for sale, sale, or importation of the fluocinonide cream, 0.1% product described in Nycomed US’ ANDA will not infringe any valid claim of the ‘001 or ‘424 patents.

[1] Nycomed US has filed a motion to dismiss the claims relating to the ’422 patent based upon lack of subject matter jurisdiction and failure to state a claim on which relief can be granted. In the event that Nycomed US’ motion is denied, Nycomed US reserves its right to amend its answer to include counterclaims pertaining to the ’422 patent.

**SECOND COUNTERCLAIM**

(Declaration of Invalidity of the '001 and '424 Patents)

12. Nycomed US repeats and realleges the allegations contained in paragraphs 1-11 of Nycomed US's Counterclaims as if fully set forth herein.

13. Each and every claim of the '001 and '424 patents is invalid for failing to meet one or more of the requisite conditions for patentability specified by Title 35 of the United States Code, including, without limitation, §§ 101, 102, 103, and 112.

**PRAYER FOR RELIEF**

WHEREFORE, Nycomed US requests that the Court enter a judgment in its favor and against Medicis as follows:

a. Dismiss Medicis's Complaint in its entirety, with prejudice;

b. Enter judgment in favor of Nycomed US and against Medicis;

c. Declaring that the filing of Nycomed's ANDA No. 200735 does not infringe any valid claims of the '001 and '424 patents;

d. Declaring that the manufacture, use, sale, offer for sale, importation or offer to import the fluocinonide cream, 0.1% product described in Nycomed US' ANDA does not infringe (either literally or under the doctrine of equivalents), directly or indirectly, any valid claim of the '001 and '424 patents;

e. Declare that the '001 and '424 patents are invalid;

f. Award Nycomed US its costs (including expert fees), disbursements, and reasonable attorneys' fees incurred in this action, pursuant to 35 U.S.C. § 285; and

//

//

//

//

g. Grant such other and further relief as the Court may deem just and proper.

Respectfully Submitted,

DATED: December 23, 2010

_/s/ David B. Bassett____________________

David B. Bassett
david.bassett@wilmerhale.com
David A. Manspeizer
david.manspeizer@wilmerhale.com
WILMER CUTLER PICKERING HALE AND DORR LLP
399 Park Avenue
New York, New York 10022
(212) 230-8800 (tel.)
(212) 230-8888 (fax)

Attorneys for Defendant Nycomed U.S. Inc.