IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MEDICIS PHARMACEUTICAL CORPORATION,<br><br>                 Plaintiff,<br><br>    -against-<br><br>NYCOMED U.S. INC. and NYCOMED GMBH,<br><br>                 Defendants. | Civil Action No.<br>10-CV-4140 (LAK)<br><br>**ECF Case** |

## JOINT REPORT PURSUANT TO FED. R. CIV. P. 26(f)

Pursuant to Federal Rule of Civil Procedure 26(f), counsel for Plaintiff Medicis Pharmaceutical Corporation ("Medicis") and Defendant Nycomed US Inc. ("Nycomed") met and conferred on February 23, 2011. The Rule 26(f) report of the parties is set forth below.

1.     **Settlement.** The parties have engaged in settlement discussions. These discussions were productive and are continuing in good faith.

2.     **Initial Disclosures.** The parties will serve initial disclosures by April 1, 2011.

3.     **Subjects of Discovery.**

Plaintiff's Position: Plaintiff states that discovery will be needed on at least the following subjects: (i) infringement of United States Patent Nos. 6,765,001 ("the '001 patent"); 7,220,424 ("the '424 patent"); and 7,217,422 ("the '422 patent"), (ii) the nature of the case as "exceptional" pursuant to 35 U.S.C. §285, and (iii) additional topics that may arise during the course of discovery.

Defendant's Position: Defendant states that discovery will be needed on at least the following subjects: (1) facts concerning the conception and reduction to practice of the

inventions claimed in the patents in this suit; (2) facts concerning the prosecution of the patents in this suit; (3) facts establishing non-infringement; (4) facts establishing invalidity; (5) facts showing the unenforceabilty of the asserted claims; and (6) additional topics that may arise during the course of discovery.

4.     **Adjustments to Limitations on Discovery.**  The parties agree that the limits on discovery set forth in the Federal Rules of Civil Procedure, the Local Civil Rules of the United States District Court for the Southern District of New York, and the Individual Practices of this Court shall apply.

5.     **Electronically Stored Information.**  The parties will confer regarding a protocol for the production of electronically stored information ("ESI").

6.     **Confidentiality.**  The parties will submit a proposed protective order regarding the production and disclosure of confidential materials.

7.     **Privilege.**  The parties agree to be governed by Federal Rule of Civil Procedure 26(b)(5)(B) and Federal Rule of Evidence 502(b) with respect to inadvertent production and claims of privilege. The parties will confer on and include in their proposed protective order a specific procedure to be followed in connection with any inadvertent production of privileged materials.

8.     **Schedule.**

Plaintiff's Position:  This is a patent case arising under the Hatch Waxman Amendments to the Federal Food Drug and Cosmetic Act.  It centers around Nycomed's infringement of three different patents claiming compositions and methods for enhancing the potency of certain corticosteroids.  Although Nycomed states below that its product does not contain certain ingredients, it has refused to produce its Abbreviated New Drug Application ("ANDA") showing

exactly what is included in its product under terms similar to those that "would apply had a protective order been entered" in this case. *See* 21 U.S.C. §355(j)(5)(C)(i)(III). Instead, Nycomed's offer of confidential access is restricted to outside counsel only, thereby prohibiting disclosure of its ANDA to the two Medicis in-house counsel having ultimate responsibility for this matter. Further, whether Nycomed's product contains certain claimed elements of the three patents-in-suit will turn on the construction of claim terms and whether Nycomed's product meets these limitations either literally or under the doctrine of equivalents. For this reason, Medicis respectfully submits that the most efficient way to proceed in this case is to have fact discovery on all claims, defenses, and counterclaims followed by a separate *Markman* hearing and then expert discovery and dispositive motions, if appropriate. Accordingly, Medicis proposes the following schedule:

| Event | Proposed Date |
|---|---|
| Scheduling Conference | March 4, 2011 |
| Initial Disclosures | April 1, 2011 |
| Deadline to Amend Pleadings and Join Additional Parties Without Leave of Court | September 9, 2011 |
| Earliest Date to Serve Contention Interrogatories | May 24, 2012 |
| Completion of Fact Discovery | June 22, 2012 |
| Exchange List of Disputed Claim Terms and Proposed Constructions | July 20, 2012 |
| Joint Claim Construction Statement | August 17, 2012 |
| Opening Claim Construction Briefs | September 14, 2012 |
| Responsive Claim Construction Briefs | October 12, 2012 |
| *Markman* Hearing | TBD by Court |
| Expert Reports on Issues for Which Party Has Burden of Proof | 30 days after the Court's *Markman* Order |
| Rebuttal Expert Reports | 30 days after Opening Expert Reports |
| Reply Expert Reports | 30 days after Rebuttal Expert Reports |
| Close of Expert Discovery/Earliest Date to File Dispositive Motions | 90 days after Reply Expert Reports |
| Deadline for Dispositive Motions | 90 days after Close of Expert Discovery |
| Joint Pretrial Order | 90 days after Deadline for Dispositive Motions |
| Trial | Medicis expects that a trial in this matter will require 10 days. |

Defendant's Position: Nycomed believes that this case presents straightforward issues of non-infringement because the Medicis patents require very specific ingredients that are not contained in Nycomed's product.[1] Prior to initiation of this lawsuit, Nycomed provided Medicis with an Offer of Confidential Access to its ANDA materials. However, Medicis did not accept the terms of Nycomed's offer. Nycomed remains ready and willing to provide its ANDA to Medicis on an outside attorneys eyes only basis. In the interest of judicial economy, Nycomed respectfully submits that discovery should be limited, in the first instance, to the issue of infringement, followed by any motions for summary judgment with respect to infringement. Nycomed further submits that any disputes regarding claim construction should be addressed in the course of summary judgment with respect to infringement. Thereafter, the parties would either proceed to a trial on the issue of infringement or to discovery on the issue of validity (depending on the Court's preference). Such a phased approach to discovery would help promote settlement and also allow the Court and the parties to conserve resources that would otherwise be wasted through protracted and unnecessary litigation.

Accordingly, Nycomed proposes the case schedule set forth below.

| Event | Proposed Date |
|---|---|
| Scheduling Conference | March 4, 2011 |
| Initial Disclosures and requests for production of documents regarding infringement, and interrogatories regarding infringement | Served on or before April 1, 2011 |
| Deadline to Amend Pleadings and Join Additional Parties Without Leave of Court | May 23, 2011 |
| Exchange List of Disputed Claim Terms and Proposed Constructions | May 23, 2011 |
| Cutoff for fact discovery regarding infringement | June 10, 2011 |
| Expert disclosures regarding infringement | July 1, 2011 |

---

[1] The three patents in this suit share the same specification and claim terms. Therefore, discovery on all three patents will be substantially the same as discovery on one.

| | |
|---|---|
| Rebuttal expert disclosures regarding infringement | July 29, 2011 |
| Cutoff for expert discovery regarding infringement | August 26, 2011 |
| Meet and confer regarding disposition of case in light of discovery relating to infringement | September 9, 2011 |
| Deadline for motions for summary judgment with respect to infringement | September 16, 2011 |
| Thereafter, the parties will either proceed to a trial on the issue of infringement or to discovery on the issue of validity (as set forth below), depending on the Court's preference. | |
| Initial Disclosures and requests for production of documents regarding invalidity, and interrogatories regarding invalidity | Served on or before September 30, 2011 |
| Cutoff for fact discovery regarding invalidity | December 16, 2011 |
| Expert disclosures regarding invalidity | Served on or before January 13, 2012 |
| Rebuttal expert disclosures regarding invalidity | February 10, 2012 |
| Cutoff for expert discovery regarding invalidity | March 9, 2012 |
| Deadline for motions for summary judgment with respect to invalidity | April 6, 2012 |
| Joint Pre-Trial Order | May 4, 2012 |
| Trial | May 2012<br>Nycomed expects that a trial in this matter will require 5 days. |

In the alternative, if the Court does not determine that a phased approach to discovery is appropriate, Nycomed proposes the case schedule set forth below:

| Event | Proposed Date |
|---|---|
| Scheduling Conference | March 4, 2011 |
| Initial Disclosures | April 1, 2011 |
| Deadline to Amend Pleadings and Join Additional Parties Without Leave of Court | June 6, 2011 |
| Exchange List of Disputed Claim Terms and Proposed Constructions | October 1, 2011 |
| Fact Discovery Cutoff | September 1, 2011 |
| Expert Reports on Issues for Which Party Has Burden of Proof | September 24, 2011 |
| Rebuttal Expert Reports | October 22, 2011 |
| Expert Discovery Cutoff | November 19, 2011 |
| Deadline for Dispositive Motions | December 10, 2012 |

02292.61837/3988782.1                              5

| Joint Pretrial Order | January 7, 2012 |
|---|---|
| Trial | January 2012 |
|  | Nycomed expects that a trial in this matter will require 5 days. |

9. **Miscellaneous.**

    A.    The Delaware action

Plaintiff's Position: Medicis respectfully submits that this case should be heard in Delaware where an identical action is currently pending. *See Medicis Pharmaceutical Corp. v. Nycomed U.S. Inc. et al.*, Civil Action No. 10-419 (SLR) (D. Del.). Medicis filed this lawsuit in New York solely as a protective measure in the event Nycomed challenged personal jurisdiction in Delaware. Although Nycomed did not raise that defense, it moved to transfer the Delaware action to New York. Medicis opposed Nycomed's motion, which is currently pending. If the Delaware Court denies Nycomed's motion to transfer, Medicis will move to stay the New York proceedings or take such other action as the Court may deem appropriate in the interest of judicial economy.

Defendant's Position: Nycomed respectfully submits that this action belongs in this district, which is the "center of gravity" with respect to the allegations in the lawsuit. Accordingly, Nycomed has filed a motion to transfer the identical Delaware action or, in the alternative, to stay the Delaware action pending resolution of this action. To the extent Medicis is suggesting that the existence of the Delaware action should in any way delay the schedule in this action, Nycomed would point the Court to Medicis' express statutory duty under the Hatch Waxman Act to "reasonably cooperate in expediting [this] action." 21 U.S.C. § 355(j)(5)(B)(iii).

| | |
|---|---|
| /s/ Andrew M. Berdon | /s/ David B. Bassett |
| Andrew M. Berdon | David B. Bassett |
| andrewberdon@quinnemanuel.com | david.bassett@wilmerhale.com |
| Robert B. Wilson | David A. Manspeizer |
| robertwilson@quinnemanuel.com | david.manspeizer@wilmerhale.com |
| James E. Baker | WILMER CUTLER PICKERING |
| jamesbaker@quinnemanuel.com | HALE AND DORR LLP |
| QUINN EMANUEL URQUHART & SULLIVAN, LLP | 399 Park Avenue |
| 51 Madison Avenue, 22nd Floor | New York, New York 10022 |
| New York, New York 10010 | (212) 230-8800 (tel.) |
| (212) 849-7000 (tel.) | (212) 230-8888 (fax) |
| *Attorneys for Plaintiff Medicis Pharmaceutical Corporation* | *Attorneys for Defendant Nycomed US Inc.* |